1  **DONALD L. LEVINE (State Bar No. 102099)**
   **LAW OFFICE OF DONALD L. LEVINE**
2  1168 Union Street, Ste. 303
   San Diego, CA  92101-3818
3  Office: (615)615-6200
   Fax: (619)615-6204
4
   Attorney for Defendant
5  MARIA LAURA LAMUG

6

7                    UNITED STATES DISTRICT COURT

8                   SOUTHERN DISTRICT OF CALIFORNIA

9                      (HON.  THOMAS J. WHELAN)

10

| UNITED STATES OF AMERICA, | ) | CASE NO.  08CR804W |
|---|---|---|
| Plaintiff, | ) | **NOTICE OF MOTION AND MOTION FOR DISCOVERY AND FOR LEAVE TO FILE  FURTHER MOTIONS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTIONS** |
| v. | ) | |
| MARIA LAURA LAMUG, Defendant. | ) | Date:   May 12, 2008<br>Time:  2:00 p.m. |

**TO:   KAREN HEWTT, UNITED STATES ATTORNEY; AND THE UNITED STATES ATTORNEY'S OFFICE AND U.S. ATTORNEY WILLIAM HALL JR.**

   **PLEASE TAKE NOTICE** that on May 12,  2008 at 2:00 p.m., or as soon thereafter as counsel may be heard, the Defendant,  MARIA LAURA LAMUG,  will move this Court to grant the following motion.

                                    1

**DONALD L. LEVINE (State Bar No. 102099)**
**LAW OFFICE OF DONALD L. LEVINE**
1168 Union Street, Ste. 303
San Diego, CA 92101-3818
Office: (615)615-6200
Fax: (619)615-6204

Attorney for Defendant
MARIA LAURA LAMUG

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. THOMAS J. WHELAN)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> MARIA LAURA LAMUG, ) <br> ) <br> Defendant. ) <br> ) | CASE NO. 08CR804W <br><br> **NOTICE OF MOTION A ND MOTION FOR DISCOVERY AND FOR LEAVE TO FILE FURTHER MOTIONS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTIONS** |

I.

**STATEMENT OF FACTS**

Ms. MARIA LAURA LAMUG, has just been provided with discovery. As such, she relies upon the facts contained in the indictment of this case. (Although she doesn't necessarily agree to the accuracy thereof).

II.

**MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE**

This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies" under United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989),

and discovery of which the government attorney may become aware through the exercise of due diligence:

(1) <u>The Defendants Statements</u>. Ms. Lamug requests disclosure of all copies of any written or recorded statement made by the her; any written record containing the substance of any oral statements made by the her and any written summaries of her oral statements contained in the handwritten or rough notes of the government agent; any response to any <u>Miranda</u> warnings which may have been given by her or her codefendant; any response by either of the defendants to interrogation; as well as any other statements by the defendants. Fed. R. Crim. P. 16(a)(1)(A).

(2) <u>Arrest Reports, Notes and Dispatch Tapes.</u>  Ms. Lamug also specifically requests the government to turn over all arrest reports, notes, dispatch or any other tapes, and TECS records that relate to the circumstances surrounding her arrest or any questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents which contain statements of the defendant or any other discoverable material. Fed. R. Crim. P. 16(a)(1)(A); <u>Brady v. Maryland,</u> 373 U.S. 83 (1963). The government must produce arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant. Fed. R. Crim. P. 16(a)(1)(B) and (C); Fed. R. Crim. P. 26.2 and 12(I).

(3) <u>Criminal Record</u> Evidence of criminal record is available under Fed. R. Crim. P. 16(a)(1)(B). Evidence of other "similar" acts is discoverable under Fed. R. Crim. P. 16(a)(1)(B) and Fed. R. Evid. 404(b) and 609; Ms. Lamug requests all his rap sheets and any other evidence discoverable under these rules. Ms. Lamug requests all evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any arrests and convictions or bad acts she has suffered or known of by the government. She makes an identical request for all pertinent records of all co-defendants, former codefendants and government witnesses including informants.

(4) <u>Evidence Seized</u>   Ms. Lamug requests production of evidence seized as a result of

3

**FEDERAL**                        **DISCOVERY MOTION**                        08CR804W

1 any search, either with or without a warrant. Fed. R. Crim. P. 16(a)(1)©).

2     (5) <u>Tangible Objects</u>  Ms. Lamug requests the opportunity to inspect and copy as well as test, if necessary, all documents and tangible objects, including photographs, books, papers, documents, alleged narcotics or narcotics related items, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant. Fed. R. Crim. P. 16(a)(1)(C). This is particularly necessary in this case because marijuana plants have a specific definition in federal law, and Ms. Lamug needs an opportunity to independently inspect all of the suspected marijuana plants so that she can determine whether each alleged plant has a readily observable root formation such as roots, a rootball, or root hairs.

11     (6) <u>Request for Preservation of Evidence</u>  Ms. Lamug specifically requests the preservation of all dispatch recordings, inter-officer radio communication recordings, agents' rough notes, any documents, and any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case. This request includes, but is not limited to seized weapons, alleged contraband *(see § II(5), supra)* and vehicles, the results of any fingerprint analysis, Ms. Lamug' personal effects, and any evidence seized from the defendant or any other party.

19     (7) <u>Reports Of Examinations And Tests</u>  Ms. Lamug requests the opportunity to inspect and copy any reports of physical and mental examinations and any scientific tests which are material to the preparation of the defense or intended for use in the government's case-in-chief. Fed. R. Crim. P. 16(a)(1)(D).  She also requests that he be permitted to re-test the drugs in this case.

24     (8) <u>Expert Witnesses</u>  Ms. Lamug requests the name, qualifications, and a written summary of the opinion/testimony and bases thereon of any person that the government intends to call as an expert witness. Fed. R. Crim. P. 16(a)(1)(E).

1   (9) <u>Brady Material</u>  Ms. Lamug requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt, which affects the credibility of the government's case, or which may result in a lower sentence under the United States Sentencing Guidelines. Under <u>Brady,</u> impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. <u>United States v. Bagley,</u> 473 U.S. 667 (1985); <u>United States v. Agurs,</u> 427 U.S. 97 (1976).

(10) <u>Giglio Information</u>  Ms. Lamug requests all statements and/or promises, express or implied, made to any government witnesses in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses. <u>Giglio v. United States,</u> 405 U.S. 150 (1972).

(11) <u>Informants and Cooperating Witnesses</u>  Ms. Lamug requests disclosure of the name(s), address(es), criminal record and location(s) of all informants or cooperating witnesses used or potentially to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged. <u>Roviaro v. United States,</u> 353 U.S. 52, 61-62 (1957). The government must disclose any information derived from informants which exculpates or tends to exculpate the defendant. <u>Brady v. Maryland,</u> 373 U.S. 83 (1963). The government must disclose any information indicating bias on the part of any informant or cooperating witness. Id.  Ms. Lamug also requests that the government disgorge any information in its possession regarding other parties culpable in this matter as these individuals are highly relevant and material to Ms. Lamug' defense.

(12) <u>Jencks Act Material</u>  Ms. Lamug requests production in advance of trial of all material, including dispatch tapes, which the government must produce pursuant to 18 U.S.C. § 3500. Advance production will avoid the possibility of delay at the request of defendant to investigate the Jencks material. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under §3500(e)(1). <u>Campbell v. United States,</u> 373 U.S. 487, 490-92 (1963). In <u>United</u>

1  States v. Boshell, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes
2  over interview notes with the subject of the interview the notes are then subject to the Jencks Act.
3       (13) Any Potential 404(b)/609 Evidence Ms. Lamug requests prior notice of any other
4  crimes or bad acts that the government intends to introduce, whether in its case in chief, for
5  impeachment or rebuttal. Fed. R. Crim. P. 16(a)(1)(C); Fed. R. Evid. 404(b) and 609(b). Ms.
6  Lamug requests such notice at least one month before trial in order to give the defense time to
7  investigate and prepare for trial.
8       (14) Any Information That May Result In A Lower Sentence Under The Guidelines As
9  discussed above, this information is discoverable under Brady v. Maryland, 373 U.S. 83(1963).
10 This request includes any cooperation or attempted cooperation by the defendant, as well as any
11 information that could affect any base offense level or specific offense characteristic under
12 Chapter Two of the Guidelines. Also included in this request is any information relevant to a
13 Chapter Three adjustment, a determination of the defendant's criminal history, or any other
14 application of the Guidelines. Additionally, Ms. Lamug specifically requests any evidence the
15 government intends to use at sentencing to establish her status as a career offender or for any
16 other enhancement to her sentence;
17      (15) Evidence of Bias or Motive to Lie Ms. Lamug requests any evidence that any
18 prospective government witness, including a cooperating defendant, is biased or prejudiced
19 against the defendant, or has a motive to falsify or distort her or her testimony. Pennsylvania v.
20 Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988);
21      (16) Impeachment evidence Ms. Lamug requests any evidence that any prospective
22 government witness has engaged in any criminal act whether or not resulting in a conviction and
23 whether any witness has made a statement favorable to the defendant. See Fed. R. Evid. 608, 609
24 and 613. Such evidence is discoverable under Brady v. Maryland, supra. See United States v.
25 Strifler, 851 F.2d 1197(9th Cir. 1988)(witness' prior record); Thomas v. United States, 343 F.2d
26 49 (9th Cir. 1965)(evidence that detracts from a witness' credibility);

1   (17) <u>Evidence of Criminal Investigation of Any Government Witness</u>  Ms. Lamug
2 requests any evidence that any prospective witness is under investigation by federal, state or local
3 authorities for any criminal conduct. <u>United States v. Chitty,</u> 760 F.2d 425 (2d Cir.) <u>cert. denied,</u>
4 474 U.S. 945 (1985);

5   (18) <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth
6 Telling</u>  Ms. Lamug requests any evidence, including any medical or psychiatric report or
7 evaluation, tending to show that any prospective witness's ability to perceive, remember,
8 communicate, or tell the truth is impaired; and any evidence that a witness has ever used
9 narcotics or other controlled substance, or has ever been an alcoholic. <u>United States v. Strifler,</u>
10 851 F.2d 1197 (9th Cir. 1988); <u>Chavis v. North Carolina,</u> 637 F.2d 213, 224 (4th Cir. 1980);

11   (19) <u>Witness Addresses</u>  Ms. Lamug requests the name and last known address of each
12 prospective government witness. See <u>United States v. Napue,</u> 834 F.2d 1311 (7th Cir. 1987);
13 <u>United States v. Tucker,</u> 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses
14 by counsel is ineffective assistance); <u>United States v. Cook,</u> 608 F.2d 1175, 1181 (9th Cir. 1979)
15 (defense has equal right to talk to witnesses). The defendant also requests the name and last
16 known address of every witness to the crime or crimes charged (or any of the overt acts
17 committed in furtherance thereof) who will not be called as a government witness. <u>United States
18 v. Cadet</u>, 727 F.2d, 1453 (9th Cir. 1984);

19   (20) <u>Name of Witnesses Favorable to the Defendant</u>  Ms. Lamug requests the name of
20 any witness who made an arguably favorable statement concerning the defendant or who could
21 not identify her or who was unsure of her identity, or participation in the crime charged. <u>Jackson
22 v. Wainwright,</u> 390 F.2d 288 (5th Cir. 1968); <u>Chavis v. North Carolina,</u> 637 F.2d 213, 223 (4th
23 Cir. 1980); <u>Jones v. Jago,</u> 575 F.2d 1164, 1168 (6th Cir.), <u>cert. denied,</u> 439 U.S. 883 (1978);
24 <u>Hudson v. Blackburn,</u> 601 F.2d 785 (5th Cir. 1979), <u>cert. denied,</u> 444 U.S. 1086 (1980);

25   (21) <u>Statements Relevant to the Defense</u>  Ms. Lamug requests disclosure of any
26 statement that may be "relevant to any possible defense or contention" that she might assert.

27
28

United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982);

(22) Personnel Records of Government Officers Involved in the Arrest   Ms. Lamug requests all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of her, pursuant to Pitchess v. Superior Court, 11 Cal. 3d 531, 539 (1974). Because of the sensitive nature of such Henthorn documents, defense counsel will not be able to procure then from any other source;

(23) Prosecutor's Duty to Inspect Agent's Files   Ms. Lamug requests that the court order the prosecutor to personally review the personnel files of the agents involved.

(24) Release of Evidence for Defense Testing   Ms. Lamug requests that the government release to her designated expert all items seized so that the defense may conduct independent testing of the items.

(25) Subpoena, Intercept and Warrant Information and Evidence   Ms. Lamug requests a copy of all electronic interception orders, search warrants and subpoenas (whether state or federal, whether written or telephonic, and including recordings or transcripts of telephonic applications), and related applications for electronic interception, subpoenas and warrants, their affidavits, attachments, and inventories related to this case. She also requests copies of all documents provided to or seized by the government pursuant to such court-authorized orders. She requests copies of all recordings made by the government made pursuant to warrant or order as well as line-sheets and any other documentation of such recordings.

(26) Residual Discovery/All Other Relevant Materials   Ms. Lamug intends for this motion to cover the full extent of discoverable material.  She therefore requests that the government be required to disgorge all other discoverable material which she otherwise has failed to request.

**III.**

### MS. MARIA LAURA LAMUG SEEKS LEAVE TO FILE FURTHER MOTIONS

Undersigned counsel was recently appointed to MARIA LAURA LAMUG. He therefore requests additional time to consider and file supplemental substantive motions at a future hearing.

### IV.
### CONCLUSION

For the reasons stated above, the defendant, respectfully requests that this Court grant the above-requested motions.

Date: April 17, 2008

        /s/ DONALD L. LEVINE
DONALD L. LEVINE
Attorney for Defendant
MARIA LAURA LAMUG

### ORDER SEALING

**GOOD CAUSE APPEARING** this motion is to filed under seal.

Dated: _____    _____
                              HON. THOMAS J. WHELAN

**PROOF OF SERVICE**

I, DONALD L. LEVINE, declare that:

I am a citizen of the United States and employed in the city of San Diego, CA. I am over eighteen years of age. My business address is 1168 Union Street, Ste. 303, San Diego, CA 92101. On April 16, 2008, I personally served the following documents:

I served the within **NOTICE OF MOTION AND MOTION FOR DISCOVERY AND FOR LEAVE TO FILE FURTHER MOTIONS, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTIONS** via electronic filing (ECM) to the Office of the Clerk, 940 Front Street, San Diego, California 92189.

Executed under penalty of perjury under the laws of the United States on this 17TH day of April, 2008 at San Diego California.

                                           /s/ DONALD L. LEVINE
                                        DONALD L. LEVINE